Cohen v Trump Org. LLC (2022 NY Slip Op 06421)

Cohen v Trump Org. LLC

2022 NY Slip Op 06421

Decided on November 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 15, 2022

Before: Acosta, P.J., Kapnick, Mazzarelli, González, Rodriguez, JJ. 

Index No. 651377/19 Appeal No. 16609 Case No. 2021-04476 

[*1]Michael D. Cohen, Plaintiff-Appellant,
v
Trump Organization LLC, Defendant-Respondent.

Gilbert LLP, Washington, DC (Wellford Hunter Winstead of the bar of the District of Columbia, admitted pro hac vice, of counsel), for appellant.
Robert & Robert PLLC, Uniondale (Clifford S. Robert of counsel), for respondent.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered November 12, 2021, which granted defendant's motion for summary judgment dismissing the amended complaint with prejudice, unanimously modified, on the law, to deny the motion as to the first cause of action for breach of a contractual indemnification provision insofar as plaintiff seeks indemnification for outstanding legal fees incurred in connection with certain matters (i.e., the Special Counsel and Congressional hearings, New York State Attorney General, and Manhattan District Attorney proceedings, and the proceeding related to FBI search warrants), and otherwise affirmed, without costs.
Under section 7.2 of defendant's operating agreement, plaintiff, as a former employee, is entitled, subject to the limitations and conditions provided in the terms of this section and in the Limited Liability Company Law, to indemnification for attorneys' fees actually incurred in connection with any threatened, pending, or completed "Proceeding" (i.e., any "claim, action, suit or proceeding, whether civil, criminal, administrative, arbitrative or investigative"), as well as "any inquiry or investigation that could lead to a Proceeding," in which he was made a party, threatened to be made a party, or involved in "by reason of the fact" that he was an employee of defendant.
Plaintiff's claim for outstanding legal fees incurred in connection with the Special Counsel and Congressional hearings and New York State Attorney General and Manhattan District Attorney proceedings should not have been dismissed based on the finding that those fees were not, as a matter of law, incurred by reason of the fact that he had been an employee of defendant. The motion court strictly construed the indemnification provision and concluded that plaintiff did not become involved in the investigations by reason of the fact that he was an employee of the Trump Organization, since "the tether" from those investigations to the Trump Organization, as opposed to former President Trump, the Trump campaign, or other Trump ventures, is too tenuous to support indemnification under section 7.2. We find that, given the record evidence showing that the proceedings at issue concern, among other things, the activities of the Trump Organization, material issues of fact exist as to whether plaintiff has established the "nexus or causal connection" between the proceedings and his corporate capacity sufficient to give rise to the section 7.2 indemnification obligation for the fees incurred (Homestore, Inc. v Tafeen, 888 A2d 204, 213-214 [Del 2005]; see Crossroads ABL LLC v Canaras Capital Mgt., LLC, 105 AD3d 645 [1st Dept 2013]; Schlossberg v Schwartz, 43 Misc 3d 1224[A], 2014 NY Slip Op 50760[U], *13 [Sup Ct, Nassau County 2014]). The motion court correctly rejected defendant's other arguments for dismissing the claim for indemnification under section 7.2.
Likewise, claims for legal fees incurred in connection with the proceeding related [*2]to FBI search warrants used in the April 9, 2018, raids should not have been dismissed since there are issues of fact as to whether the fees were incurred in reviewing the materials for privilege and confidentiality concerns of the Trump Organization and its executives.
Issues of fact also preclude summary dismissal of the indemnification claim based on defendant's alleged oral agreements. Plaintiff claims that defendant made oral commitments to indemnify him for fees incurred in connection with the Special Counsel and Congressional proceedings, that the oral agreements involved a specific indemnification promise that was separate and distinct from the section 7.2 agreement to indemnify, that the oral agreements did not modify section 7.2, and thus they would apply regardless of the applicability of section 7.2.
The court correctly dismissed the remaining claims, including the cause of action for breach of the implied covenant of good faith and fair dealing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 15, 2022